UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-CV-80751-BER

SYLVIA CARAVETTA,

                Plaintiff,

vs.

UNITED STATES OF AMERICA,

                Defendant.

_____/

## ORDER RECOMMENDING DISMISSAL OF COMPLAINT

*Pro se* plaintiff Sylvia Caravetta brings this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680 ("FTCA"), alleging that the U.S. Department of Housing and Urban Development ("HUD") negligently failed to intervene in "a series of complaints" that caused her to have various health issues. ECF No. 1. She seeks monetary damages. *Id*. at 2.

Ms. Caravetta previously brought this claim, but it was dismissed by Judge Cannon for lack of subject matter jurisdiction. *Caravetta v. United States*, No. 26-80192, 2026 WL 1134584, at \*1 (S.D. Fla. Apr. 27, 2026). I **RECOMMEND** that the case be **DISMISSED WITHOUT LEAVE TO AMEND** because the Court still lacks subject matter jurisdiction, as the United States is immune from suit.

## I.   BACKGROUND AND FACTUAL ALLEGATIONS

The following allegations are taken from the Complaint and accepted as true for purposes of this Report and Recommendation. Ms. Caravetta brought suit alleging federal employees "negligently and carelessly failed to take any action on a series of complaints regarding egregious Fair Housing Act violations" that caused Ms. Caravetta to suffer from "severe and painful bodily injuries," including diabetes and obesity, among other health issues. ECF No. 1 at 1-2.

In 2018, Ms. Caravetta filed a Fair Housing Act complaint. *Id.* ¶6. On May 29, 2025, she filed a Notice of Claim with HUD explaining her circumstances.[1] *Id.* ¶11. The claim was denied on December 10, 2025. *Id.* ¶12. Ms. Caravetta subsequently filed her lawsuit on June 22, 2026.[2] *Id.* ¶13.

## II.   LEGAL STANDARD

### A. Subject Matter Jurisdiction

"Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168

---

[1] The Complaint does not attach Standard Form 95. *See* ECF No. 1.

[2] While Ms. Caravetta's Complaint says she initiated her lawsuit on June 10, 2026, the Complaint was filed on June 22, 2026. ECF No. 1.

F.3d 405, 410 (11th Cir. 1999). A court must resolve any "jurisdictional issues before considering whether a claim was stated by the complaint." *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990) (citation omitted). A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

### B. Federal Rule of Civil Procedure 8(a)

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).

When a plaintiff is proceeding *pro se*, the Court must liberally construe the *pro se* pleadings and hold them to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

### C. FTCA and the Discretionary Function Exception

The United States of America, as a sovereign, is immune from suit unless it consents to be sued. *Ctr. for Bio. Diversity v. Hamilton,* 453 F.3d 1331, 1335 (11th

Cir. 2006). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Id.* (quoting *United States v. Mottaz,* 476 U.S. 834, 841 (1986)). The FTCA provides a limited waiver of this sovereign immunity, allowing the United States to be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 1346(b)(1). There are several exceptions to the FTCA's waiver of sovereign immunity, and "if the alleged conduct falls within one of these excluded categories, the court lacks subject matter jurisdiction over the action." *JBP Acquisitions, LP v. United States,* 224 F.3d 1260, 1263–64 (11th Cir. 2000). One of these exceptions is the "discretionary function exception." *U.S. Aviation Underwriters, Inc. v. United States,* 562 F.3d 1297, 1299 (11th Cir. 2009).

"The discretionary function exception excludes from the FTCA's broad waiver of sovereign immunity '[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Id.* (quoting 28 U.S.C. § 2680(a)). The purpose of the discretionary function exception is to "prevent judicial second guessing" of "administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Williams v. United States,* 314 F. App'x 253, 257–58 (11th Cir. 2009) (quoting *United States v. Gaubert,* 499 U.S. 315, 322–23 (1991)).

The Eleventh Circuit has "consistently treated the discretionary-function exception to the FTCA's waiver of sovereign immunity as a matter affecting the

4

district court's subject-matter jurisdiction." *Cuadrado-Concepcion v. United States*, 851 F. App'x 985, 989 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 407 (2021) (affirming the district court's dismissal of plaintiff's complaint for lack of subject matter jurisdiction based on the discretionary function exception); *Rodriguez v. United States*, 415 F. App'x 143, 147 (11th Cir. 2011). *Ill. Metro. Inv. Fund v. United States*, 773 F. App'x 540, 542 (11th Cir. 2019) ("When the discretionary function exception applies to a claim, the federal court lacks subject-matter jurisdiction over the claim.") (citing *Swafford v. United States*, 839 F.3d 1365, 1369 (11th Cir. 2016)).

Courts apply a two-part test for determining whether a government employee's action or omission falls within the discretionary function exception. *Gaubert,* 499 U.S. at 322–23; *Autery v. United States,* 992 F.2d 1523, 1526 (11th Cir. 1993). First, the court considers the nature of the conduct and determines whether it involves "an element of judgment or choice." *Gaubert,* 499 U.S. at 322 (citation omitted); *see also Powers v. United States,* 996 F.2d 1121, 1124 (11th Cir. 1993). Second, if the conduct at issue involves the exercise of judgment, the court must determine whether that judgment is grounded in considerations of public policy. *Gaubert,* 499 U.S. at 322–23. "In making this determination, we do not focus on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political policy considerations before acting." *Cohen v. United States,* 151 F.3d 1338, 1341 (11th Cir. 1998) (quoting *Ochran v. United States,* 117 F.3d 495, 500 (11th Cir. 1997)).

### III.    DISCUSSION

This Court lacks subject matter jurisdiction over Ms. Caravetta's claims because the discretionary function exception to the FTCA's waiver of sovereign immunity applies. First, the conduct at issue involves elements of judgment or choice, as HUD had discretion to determine how to handle Ms. Caravetta's complaints. Ms. Caravetta simply does not approve of the outcome. Courts routinely hold that agency determinations regarding investigations fall under the FTCA's discretionary function exception. *See, e.g., Zelaya v. United States*, 781 F.3d 1315 (11th Cir. 2015) (discretionary function exception applies to agencies' investigatory decisions); *Ill. Metro.*, 773 F. App'x at 542–43 (the "decision of how much investigation to conduct is precisely the type of governmental decision that the discretionary function exception was designed to protect."); *Mesa v. United States*, 837 F. Supp. 1210, 1214 (S.D. Fla. 1993) (citing cases and explaining that "investigative functions are plainly within the discretionary function exception").

In addition, the Complaint identifies no statutes, regulations, or other directives requiring HUD to take specific actions on Ms. Caravetta's complaints, nor does it allege HUD violated a particular policy. *See Zelaya*, 781 F.3d at 1332 (regulations that do not prescribe a particular course of action show that the agency has discretion); *Fin. Indus. Assoc. v. Ward*, No. 10-CV-408, 2014 WL 11444189, at *8 (M.D. Fla. Aug. 14, 2014) (discretionary function exception applied when complaint failed to allege agency violated mandatory obligations imposed by a specific rule regulation, or policy).

Second, an agency's judgment about an investigation is grounded in public policy considerations. *See Littell v. United States*, 191 F. Supp. 2d 1338, 1345 (M.D. Fla. 2002) ("[T]he ability of an investigator to choose the way in which an investigation will proceed is undoubtedly grounded in considerations of public policy."). Here, HUD must be able to make decisions on which investigations to pursue and to allocate resources appropriately. Its decision not to interfere with the actions alleged in Ms. Caravetta's complaints were clearly discretionary and grounded in public policy considerations. To require HUD to intervene in every allegedly discriminatory housing complaint would lead to the overburdening of government operations that the discretionary function exception was designed to prevent. *See United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984) ("Without this exception, government operations would be burdened, if not paralyzed, by courts "second-guessing ... legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.").

## IV.   CONCLUSION

Because the discretionary function exception to the FTCA applies to Ms. Caravetta's claim, this Court is without subject matter jurisdiction, and the Complaint must be dismissed without prejudice. *E.g., Swauger v. Dep't of Def. - Def. Intel. Agency,* 852 F. App'x 393, 396 (11th Cir. 2021) (dismissal for lack of subject-matter jurisdiction is without prejudice). Yet, a district court need not allow an

7

amendment to a complaint where the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Here, Ms. Caravetta has been given the opportunity to set forth her allegations on more than one occasion. Ms. Caravetta previously filed a Complaint ("Prior Complaint") regarding the same allegations; it was dismissed without prejudice for lack of subject matter jurisdiction. *Caravetta*, 2026 WL 1134584, at *1. Ms. Caravetta moved to amend her Prior Complaint and was denied leave to amend because repleading was not authorized. *Caravetta v. United States*, No. 26-CV-80192, at Dkt. No. 28 (S.D. Fla. June 12, 2026). Although Ms. Caravetta was permitted to "initiate a new action as permitted by law," she has not cured the fatal deficiency identified by the Court in her Prior Complaint and she has pled substantially fewer facts than her Prior Complaint. *Id.*; *compare* ECF No. 1, *with Caravetta v. United States*, No. 26-CV-80192, 2026 WL 1138055, at *2-4 (S.D. Fla. Apr. 14, 2026). Therefore, her Complaint should be dismissed without leave to amend.

### RECOMMENDATION

For these reasons, I **RECOMMEND** that the Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

### DISTRICT JUDGE ASSIGNMENT

Pursuant to Administrative Order 2025-11, I submit my findings in a Report and Recommendation because neither Ms. Caravetta nor the unserved defendant has consented to Magistrate Judge Jurisdiction. *Compare Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin,* 860 F.3d 461, 475 (7th Cir. 2017) (Magistrate Judge lacked

jurisdiction to dismiss *pro se, in forma pauperis,* complaint without consent from unserved defendant); *with Neals v. Norwood,* 59 F.3d 530, 532 (5th Cir. 1995) (consent not required from unserved defendant) (cited favorably for different proposition in *Davis v. Davis,* 551 F. App'x 991, 996 (11th Cir. 2014)).

**Accordingly, the Clerk of Court is ORDERED to randomly assign a District Judge to preside over this matter.**

### <u>NOTICE OF RIGHT TO OBJECT</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the assigned District Judge, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of July 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE